THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>QIFENG LI,<br><br>        Defendant. | CASE NO. CR18-0124-JCC<br><br>ORDER |

This matter comes before the Court on the United States' motion for preliminary forfeiture (Dkt. No. 136). Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

Following Defendant's conviction for conspiracy to manufacture and distribute marijuana (Dkt. No. 153), the United States seeks to forfeit his interest in the following property to the United States:

- The real property located at 6916 South 124th Street, Seattle, Washington 98178, titled in the name of Qifeng Li;
- The real property located at 8310 37th Avenue South, Seattle, Washington 98118, titled in the name of Beaver Creek 7, LLC; and,
- A sum of money in the amount of $159,210, which represents proceeds Defendant personally obtained from committing the offense of conspiracy to manufacture

and distribute marijuana.

The Court, having reviewed the United States' motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a preliminary order of forfeiture is appropriate because:

- Property representing proceeds of the offense of conspiracy to manufacture and distribute marijuana, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, as well as property that facilitated that offense, is forfeitable pursuant to 21 U.S.C. § 853;
- In his plea agreement, Defendant agreed to forfeit the above-identified property pursuant to 21 U.S.C. § 853 as it reflects proceeds he personally obtained from his commission of conspiracy to manufacture and distribute marijuana and/or property that facilitated the offense (Dkt. No. 117 at 4–5); and
- The sum of money is personal to Defendant. Pursuant to Federal Rule of Criminal Procedure 32.2(c)(1), it does not require any third-party ancillary process and will be finally forfeited at his sentencing.

For the foregoing reasons, United States' motion for forfeiture (Dkt. No. 136) is GRANTED. The Court further ORDERS that:

1. Pursuant to 21 U.S.C. § 853 and his plea agreement (Dkt. No. 117), Defendant's interest in the above-identified property is fully and finally forfeited, in its entirety, to the United States;
2. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A)–(B), this preliminary order will be final as to Defendant at the time he was sentenced, it will be made part of the sentence, and it will be included in the judgment;
3. No right, title, or interest in the identified sum of money exists in any party other than the United States;
4. Pursuant to Federal Rule of Criminal Procedure 32.2(e), in order to satisfy the forfeited sum of money, in whole or in part, the United States may move to amend

this order, at any time, to substitute property having a value not to exceed the amount of this sum of money;

5. The United States Department of Justice, and/or its authorized agents or representatives, may maintain the *lis pendens* recorded against the above-identified real property (*see* Dkt. Nos. 27, 30) until further order of the Court;

6. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this order and its intent to dispose of the real property as permitted by governing law. The notice shall be posted on an official government website—currently www.forfeiture.gov—for at least 30 days. For any person known to have alleged an interest in the real property, the United States shall, to the extent possible, also provide direct written notice to that person. The notice shall state that any person, other than Defendant, who has or claims a legal interest in the real property must file a petition with the Court within 60 days of the first day of publication of the notice (which is 30 days from the last day of publication), or within 30 days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

   a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the real property;

   b. shall be signed by the petitioner under penalty of perjury; and

   c. shall set forth the nature and extent of the petitioner's right, title, or interest in the real property, as well as any facts supporting the petitioner's claim and the specific relief sought.

7. If no third-party petition is filed within the allowable time period, the United States shall have clear title to the real property, and this order shall become final as provided by Federal Rule of Criminal Procedure 32.2(c)(2);

8. If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a final order of forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and

9. The Court will retain jurisdiction for the purpose of enforcing this order, adjudicating any third-party petitions, entering a final judgment of forfeiture, and amending this order or final judgment as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

DATED this 25th day of June 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE